# Valley Green Residents Association v. Marmar

*Henry Wessel*, for plaintiffs.
*Marvin I. Block*, for defendants.

DiBONA, G. F., *J.*, June 21, 1979—This matter comes before the court on a hearing for permanent injunction, wherein plaintiff, Valley Green Residents Association, seeks to enforce a building restriction against a lot owner within a Chestnut Hill development known as Valley Green.

The community in question was developed by Landtect Corporation in 1971, which had entered into an agreement with the initial grantees, said agreement being duly filed in the Department of Records of Philadelphia County, thereby becoming a covenant running with the land. The covenant contains the following building restriction upon which this controversy centers: "All roofs with the exception of garage or porch areas shall be sloped to accommodate wood shingles only."

Plaintiff argues that the above-stated restriction requires the lot owners to build their roofs with shingles made of wood, and that this is not only mandated by the restriction, but is necessary in order to maintain architectural integrity and property values within the development.

After hearing all of the evidence presented by the concerned parties, this court finds that the relevant building restriction is vague and ambiguous and, therefore, unenforceable; that defendant's use of other than wood shingles would not adversely affect the aesthetics or values of the development; and that other type shingles would in fact be more fire resistant than wood shingles.

Wherefore, this court makes the following findings of fact, conclusions of law and decree nisi.

## I. FINDINGS OF FACT

1. The building restriction in question relating to the type roof permitted in Deed Book D183, p. 416 etc., is as follows:

"BUILDING DESIGN

"(c) 'House construction shall be either wood frame, steel or masonry with exterior materials limited to any three of the following: 1. Glass 2. Stucco 3. Field Stone 4. Wood 5. Steel. All roofs with the exception of garage or porch areas shall be sloped to accommodate wood shingles only."

2. Plaintiffs' architect admitted the said restriction was very vague.

3. The above-stated restriction requires only that the roof be *sloped* in a manner consistent with a wood shingle roof, but said restriction does not require that the roof be *constructed* of wood shingles.

4. The installation of wood shingles on defendants' premises will create a fire hazard and would not be as safe as asbestos or fiberglass-treated material. Indeed, the fiberglass shingle proposed by defendants is similar, in appearance, to a wood shingle.

5. Wood shingles would not be as durable as either asbestos or treated fiberglass shingles and

would result in warping and leakage problems on the premises.

6. At least five other members of plaintiff association have violated the restrictions in Deed Book D183, p. 416, etc.

7. Plaintiffs have not shown any possible loss in value of their premises if defendants install other than a wood shingle roof.

8. Plaintiffs have not shown that the installation of other than a wood roof by defendants will adversely affect the standard of design, continuity, or natural beauty of the homes in question.

## II. CONCLUSIONS OF LAW

1. The said building restriction must be strictly construed against plaintiffs who seek to enforce it: Henry v. Eves, 306 Pa. 250, 159 Atl. 857 (1932).

2. The building restriction in question is ambiguous and, therefore, unenforceable.

3. In view of the ambiguity, the proposed roof is not in violation of the covenant.

4. The enforcement of the restriction as it relates to a wood shingle roof would be ineffective in achieving the end desired by plaintiffs, and accordingly, equity will not enforce it: Jones v. Park Lane For Convalescents, Inc., 384 Pa. 268, 120 A. 2d 535 (1956).

5. Equity will not enforce a restriction that is meaningless or that will create a dangerous condition: Smyth v. McCarroll, 76 Pa. Superior Ct. 142 (1921).

6. Plaintiff, Landtect Corporation, has not shown an interest in the controversy and its claim is, therefore, dismissed.

7. As plaintiffs have not denied violating the restriction themselves, they have unclean hands and

the restriction will not be enforced against defendants.

## DECREE NISI

And now, June 21, 1979, it is hereby ordered and decreed that judgment is entered in favor of defendants, and that plaintiffs' request for an injunction is denied, as the building restriction in question concerning the type of roof permitted in Deed Book D183, p. 416, etc. is vague and ambiguous, and, therefore, unenforceable.